<div style="margin-note">
MORGAN
*vs*
LEWIS, &c.

---

## Morgan *vs* Lewis, &c.

### APPEAL FROM THE CLAY CIRCUIT.

### *Gaming. Action, form of.*

JUDGE MARSHALL delivered this opinion of the Court at the fall term, 1845, but being overlooked, was not published in the 6th volume, as it should have been.

WE have no doubt, that any one of several losers at an unlawful game or sport, may, after the expiration of six months, without a joint suit, maintain a separate suit for the recovery of the money or property so lost and paid, as a stranger to the bet might do under the first section of the act of 1833. But the statute, in case property is lost, authorizes the recovery of the property, and not of its value, or damages, unless where the property itself cannot be had. And there being no averment of such a disposition of the property by the winners, that it cannot be had on a judgment against them, case seems to be an inappropriate remedy for the recovery of the property.

The 20th section of the statute, we understand as allowing debt, detinue or case, as the plaintiff may choose and his case require; he may bring either of the actions

<div style="margin-note">
CASE.

*Case 62.*

*Oct. 25, 1845.*

Any one of several losers at an unlawful game, may, after lapse of six months, sue for the recovery of the property lost. A stranger can do so under the act of 1833; but not the value of the property unless it cannot be had.

The statute allows debt, detinue or case, as the case re-
</div>

MORGAN
vs
LEWIS, &c.

quires; in select-
ing the remedy
the appropriate
action must be
selected.

which is appropriate to the case; but it does not author-ize him to bring one, which according to the established form of proceeding and judgment therein, would be wholly inappropriate, and inadequate to the relief given by the statute.

—Though *debt*,
being given by a
former statute
might be main-
tained for *money*
or *property*, or
detinue, or case,
where the facts
justified——the
mere failure to
deliver property
will not justify
bringing case.

Debt being given by the former statute in all cases, and not taken away by this in any. Debt might be maintain-ed for money and property, or detinue for property, or case when by reason of any act beyond the mere winning and recovering of the property, damages may be recover-able. But the mere failure to deliver it to a person who afterwards sues as plaintiff in a popular action, does not convert the demand for the property into one for dam-ages.

We are of opinion, therefore, that the declaration in this case was properly adjudged bad upon the demurrer, and the judgment is affirmed.

*Goodloe* for appellant.